On February 29th, 1927, the parties made a contract whereby the defendant agreed to sell to the complainant his ten one-story stores in East Orange for $130,000, and on April 6th following conveyed them. The complainant now says he was deceived, wants the transaction undone and his money back. The complainant says he bought the property as an investment and his aim was a fair return. The defendant represented that the annual rentals were $990. Nine of the stores were occupied, either under leases or monthly tenancies; the tenth was vacant. The Ottesen Motor Company was a tenant of two stores under a one-year lease beginning March 1st, 1927, at $200 monthly. The lease bore date January 31st, 1927; the company was in possession during February rent free. Three or four weeke after the complainant took title the motor company failed and vacated, and the broad charge is that the lease was not bona fide. The motor company had had the Marmon car agency *Page 184 
in Montclair, lost it there and was transferred to the East Orange agency. The company was without funds, and the defendant agreed with its two officers to finance it during the term of the lease to the extent of providing it at all times with three cars on the floor of its show room, the title to be in him until sold; the agreement to be terminable on thirty days' notice. There was no business during the month of March and the company defaulted in its rent. The company continued until the end of the following month, when it lost its East Orange agency and went out of business. Five days after the defendant conveyed to the complainant he canceled the agreement.
The lease was entered into in entire good faith. The motor company was looking for a location in East Orange and the defendant induced it to take his stores upon his agreeing to furnish the cars. The company's obligation to pay rent was a thing apart from the agreement to furnish capital; albeit it was the inducement to the lease. It was attempted to show that the motor company was only to pay what it could afford out of its business, but the effort failed. There was no such understanding. The tenant intended to pay the stipulated rent and the landlord expected it. Of course, the ability to pay depended upon doing business. When the representation as to the yearly rentals was made it was truthful. At the time of the conveyance a month's rent was due. The company could not pay. The complainant admits he was advised by defendant's lawyer before he took title that the company was in financial difficulty. He asked that the rent be guaranteed, and it was refused. He says he was told that the company's secretary "was one hundred per cent." responsible and relied on this assurance for the payment of the rent, but he knew that the company, not this official, was the tenant and the one liable for the rent. He knew the company was on the brink of insolvency and that the situation was precarious, and he accepted it.
The argument that the complainant was misled by the defendant's failure to inform him of the agreement, and, consequently, that he was led to believe, to his injury, that the *Page 185 
cars on display belonged to the company, and thus were some security for the rent, is unsubstantial. No actionable injury resulted from withholding — suppressing — the information that the defendant was furnishing the tenant with merchandise. Neither the existence of the agreement nor the defendant suppressing it was a factor in the transaction. The fact that it was the defendant, not someone else, who was giving credit to the company, and the complainant's ignorance of the fact that the defendant was supplying the company with cars on consignment, contributed not an iota to the complainant's misgiving as to its solvency, nor to a disposition on his part not to bargain with the defendant, and plenary evidence of this lies in the fact that he was not disturbed when he learned of the agreement in the latter part of April; and it was not until June, when, upon some false information, he got the impression that the lease was spurious and a mere pretense, that he protested. That the defendant canceled the agreement shortly after the closing of the deal is immaterial. It was not the want of cars, but the failure to sell them that caused the company's collapse. In the failing condition in which he knew the company to be, the complainant could not reasonably have been of the belief that the cars were free of encumbrance.
At most, the sum of the complainant's injury is the loss of a tenant for eleven months. The representation was as to yearly rentals, not the responsibility of tenants, and it is not pretended that the rental value is not as represented nor that another tenant was not readily procurable. The complainant has an adequate remedy at law, if he has a cause of action. The defendant is solvent.
The complainant knew of the agreement on April 27th. The suit was not brought until June 11th following. He must be held to have affirmed the transaction. Faulkner v. Wassmer, 77 N.J. Eq. 537.
The bill will be dismissed. *Page 186